IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

JEREMY VAUGHN,

        Petitioner,                                OPINION AND ORDER

     v.                                           25-cv-622-wmc

WARDEN T. SMITH,

        Respondent.
_____

      Petitioner Jeremy Vaughn, a state prisoner who represents himself, is incarcerated by the Wisconsin Department of Corrections at the Fox Lake Correctional Institution. Vaughn has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging convictions entered against him in Marathon County Case Nos. 22CF588 and 24CF974. (Dkt. #1.) He has filed motions related to the filing fee, for appointment of counsel, and for leave to supplement or amend his pleadings. (Dkts. ##8-13.) Under Rule 4 of the Rules Governing § 2254 Cases ("Habeas Rules"), a district court must dismiss the petition if it plainly appears from the pleadings and exhibits that the petitioner is not entitled to relief. After reviewing all of the submissions, the court concludes that the petition must be dismissed because Vaughn did not exhaust available state court remedies before filing this action.

      Publicly available state court records reflect that on November 7, 2024, Vaughn was found guilty pursuant to a plea of no contest to charges of possession of methamphetamine, THC, and drug paraphernalia in Marathon County Case No. 22CF588.[1] On that same date, Vaughn was found guilty pursuant to a plea of no context to possession of methamphetamine

---

[1] *See* Wisconsin Circuit Court Access, at: https://wicourts.gov (last accessed Dec. 1, 2025).

in Marathon County Case No. 24CF974. Public records reflect that Vaughn has numerous other prior convictions.

Vaughn now seeks relief on the following grounds: (1) prosecutorial misconduct or selective prosecution; (2) excessive sentence; and (3) ineffective assistance of counsel. (Dkt. #1, at 5-8.) He has requested leave to add a claim that the prosecutor breached his plea agreement. (Dkt. #12.) The available procedures for review of Wisconsin criminal convictions are set forth in Wis. Stat. §§ 974.02 and 974.06. Vaughn discloses that he has filed post-conviction motions in each case. (*Id*. at 6.) Public records show that these motions remain pending. A federal court may not grant habeas relief from a state court judgment of conviction unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). Because Vaughn has not exhausted available state court remedies with respect to any of his claims, his petition must be dismissed for lack of exhaustion.

## ORDER

IT IS ORDERED THAT:

1) The federal habeas corpus petition filed by Jeremy Vaughn (Dkt. #1) is DISMISSED without prejudice for lack of exhaustion.

2) All of petitioner's pending motions (dkts. ## 8-13) are DENIED.

3) A certificate of appealabiliy is DENIED.

Entered this 1st day of December, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge